UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:05CR326

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **PRELIMINARY ORDER** |
| v. | ) | **OF FORFEITURE** |
| | ) | |
| GORDON GEORGE | ) | |

In the bill of information in this case, the United States sought forfeiture of property of the defendant pursuant to 18 U.S.C. §982, which incorporates 21 U.S.C. §853, as property that was proceeds of and/or was used to facilitate the crimes charged, together with any other substitute property, which would be subject to forfeiture under §853(p).

Defendant entered into a plea agreement; pled guilty to Counts One, Two, and Three in the bill of information; and was adjudged guilty of the offenses charged in those counts. In the plea agreement, defendant has agreed to forfeit specific property as described below.

It is therefore ORDERED:

1. Based upon defendant's plea of guilty, the United States is authorized to seize the following account balances plus any interest that has accrued since the funds were restrained in 2003, and they are hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. §853(n):

      a. Account No. 2000013981787 in the name of Principals Financial Mortgage Services ($99,191.87 balance).

      b. Account No. 2000013981790 in the name of Principals Financial Mortgage Services ($6,399.14).

      c. Account No. 2000010388260 in the name of Vanguard Financial Services ($17,213.28).

      d. Account No. 2000010388273 in the name of Vanguard Financial Services

($22,961.82).

e. Account No. 1010043112258 in the name of Gordon and Adrienne Y. George ($159,722.88).

f. Account No. 1010082380546 in the name of Gordon L. and Adrienne Y. George ($103,502.04).

2. Pursuant to 21 U.S.C. §853(n)(1), the government shall publish in a newspaper of general circulation, notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in this property, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. §853(n).

**SO ORDERED**.

Signed: October 23, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge